```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
                                :
 UNITED STATES OF AMERICA       :
                                :
                                :         04cr113 (DLC)
              -v-               :
                                :            ORDER
 WILLIE BROWN,                  :
                                :
                   Defendant.   :
                                :
------------------------------- X
```

DENISE COTE, District Judge:

In February 2006, Willie Brown entered a plea of guilty to distribution and possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  In October 2007, Brown was sentenced before the Honorable Richard Owen principally to a term of 200 months' imprisonment for the violation of § 841(b)(1)(A) and 60 months' imprisonment for the violation of § 924(c).  Brown's sentence for the violation of § 841(b)(1)(A) was to be served concurrently with a 168-month term of imprisonment stemming from a separate conviction in the Southern District of Georgia (the "Georgia Sentence").  The sentence for violation of § 924(c) was to run consecutively to those sentences.

Brown is 74 years old.  He is incarcerated at Federal Correction Institution Miami.  The Bureau of Prisons projects that Brown will be released in October 2024.  Brown is subject to an Immigration and Customs Enforcement detainer and will be deported once he completes his terms of imprisonment.  As of the date of this Order, the Bureau of Prisons ("BOP") has not been able to confirm whether Brown has completed the Georgia Sentence.

On June 30, 2020, Brown's attorney, Alan Seidler, filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) for modification or reduction of Brown's sentence.  In support of the motion, Seidler states that Brown is at a high risk of contracting a serious or fatal case of COVID-19 because of his age, obesity, heart disease, and hypertension.  The Government opposed the June 30 motion on July 15.  On July 16, Seidler filed a letter in reply.

Section 3582(c)(1)(A) contains a statutory exhaustion requirement.  A defendant may satisfy that requirement by exhausting his administrative remedies to request that the BOP bring a motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

Brown has not met this condition, and the Court cannot consider his petition. Seidler's declaration states that Brown submitted a pro se request to the warden of his facility to bring a motion on his behalf on April 1, 2020. In the July 16 letter, however, Seidler represents that Brown made the request on April 27. The defendant has not provided documentary evidence of any request, and the BOP has confirmed that it has no record of such a request ever having been made by Brown. Accordingly, it is hereby

ORDERED that the June 30 motion pursuant to § 3582(c)(1)(A) is denied. This denial is without prejudice to Brown bringing a renewed application based on the COVID-19 pandemic, so long as he has complied with the statutory exhaustion requirement.

SO ORDERED:

Dated:   New York, New York
         July 16, 2020

                                  _____
                                         DENISE COTE
                                  United States District Judge

Copy mailed to:
Willie Brown (Register # 11825-021)
FCI Miami
Federal Correctional Institution
P.O. Box 779800
Miami, FL 33177