```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- X
                                   :
UNITED STATES OF AMERICA           :
                                   :
                                   :          04cr113 (DLC)
           -v-                     :
                                   :       MEMORANDUM OPINION
WILLIE BROWN,                      :            AND ORDER
                                   :
              Defendant.           :
                                   :
---------------------------------- X
```

DENISE COTE, District Judge:

    Willie Brown seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, that motion is denied.

    In February 2006, Brown entered a plea of guilty to distribution and possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). As reflected in the Presentence Report, Brown's base offense level for the § 841(b)(1)(A) conviction was 38. That base offense level was increased by four levels for his leadership role in the offense and decreased by three levels for acceptance of responsibility. Accordingly, Brown's total offense level was 39. When paired with his Criminal History Category of I, the

applicable United States Sentencing Guidelines ("USSG") range was 262-327 months' imprisonment.

In October 2007, Brown was sentenced before the Honorable Richard Owen principally to a term of 200 months' imprisonment for the violation of § 841(b)(1)(A) and 60 months' imprisonment for the violation of § 924(c).[1]  Brown's sentence for the violation of § 841(b)(1)(A) was to be served concurrently with a 168-month term of imprisonment stemming from a separate conviction in the Southern District of Georgia.  The sentence for violation of § 924(c) was to run consecutively to those sentences.

In 2014, the United States Sentencing Commission issued Amendment 782, reducing by two the offense levels for certain controlled-substances offenses.  See U.S. Sentencing Guidelines Manual supp. to app. C, amend. 782 (U.S. Sentencing Comm'n 2016).  The Sentencing Commission also issued Amendment 788, providing for the retroactive application of Amendment 782.  Id. amend. 788.

In April 2015, Brown filed a motion for reduction of sentence pursuant to § 3582(c)(2).  He argues that a sentence reduction is appropriate because the base level used to

---

[1] The case was reassigned to this Court on July 1, 2020.

calculate his guidelines sentencing range, level 36, has been reduced by two levels to level 34.

Under § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  A defendant is ineligible for a reduction, however, that would "reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."  U.S.S.G. § 1B1.10(b)(2)(A).  And, "[a]ll [USSG] Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment."  Freeman v. United States, 564 U.S. 522, 531 (2011).  The relevant metric for the purpose of computing the amended guidelines range "is not the base offense level or any other intermediate step in the guideline calculation, but the bottom-line, final range that was the basis for the sentence."  United States v. Jarvis, 883 F.3d 18, 21 (2d Cir. 2018) (citation omitted).

Brown is not entitled to a sentence reduction.  Applying Amendment 782, Brown's total offense level is now 37.  That figure, with a Criminal History Category of I, yields an amended guidelines range of 210-262 months' imprisonment.  Because Brown's sentence on the § 841(b)(1)(A) count was 200 months'

imprisonment, that is, below the bottom of the amended guidelines range, Brown is not eligible for a reduction of his sentence pursuant to § 3582(c)(2).

## Conclusion

Brown's April 8, 2015 motion pursuant to § 3582(c)(2) is denied.  Because Brown has not made a substantial showing of a denial of a federal right, a certificate of appealability will not issue.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriguez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3) any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444 (1962).

Dated:   New York, New York
         October 21, 2020

                                  _____
                                            DENISE COTE
                                   United States District Judge

Copy mailed to:
Willie Brown (Register # 11825-021)
FCI Miami
Federal Correctional Institution
P.O. Box 779800
Miami, FL 33177